UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                              Chapter 11

GOLYAN ENTERPRISES LLC,                          Case No.: 23-41647-nhl

                                 Debtor.
------------------------------------------------------------X

**AFFIDAVIT OF FARAIDOON GOLYAN
<u>PURSUANT TO E.D.N.Y. LBR 1007-4</u>**

STATE OF NEW YORK      )
                             ) ss:
COUNTY OF SUFFOLK      )

Faraidoon Golyan, being duly sworn, hereby deposes and says:

1. I am one of the managing members of Golyan Enterprises LLC, the debtor and debtor in possession in this Chapter 11 case (the "<u>Debtor</u>").

2. This affidavit is made pursuant to E.D.N.Y. LBR 1007-4 of the E.D.N.Y. Local Bankruptcy Rules to assist the Court and other parties in interest in understanding the circumstances that compelled the commencement of this Chapter 11 case and in support of the Debtor's petition for relief under Chapter 11 of Title 11 of the United States Code and first day motions.

3. Except as otherwise indicated, all facts set forth in this affidavit are based upon personal knowledge, discussions with the remaining members of the Debtor, review of relevant documents, or opinions based upon experience, knowledge, and information concerning the Debtor's operations and financial affairs. If called upon to testify, I would testify competently to the facts set forth in this affidavit. I am authorized to submit this affidavit on behalf of the Debtor. Section I of this affidavit outlines the membership interests of the Debtor. Section II provides an overview of the Debtor's business. Section III describes the circumstances giving rise to the

1

Debtor's commencement of this Chapter 11 case. Section IV describes certain information required by Local Bankruptcy Rule 1007-2.

## I.
## The Debtor's Ownership Structure

4. The Debtor's founding members were Faraidoon Daniel Golyan ("Daniel"), Joseph Golyan ("Joseph") and Bijan Golyan ("Bijan") and together with Daniel and Joseph are collectively the "Founding Members"). The Founding Members are also brothers. Daniel and Joseph each owned a 33.33% interest in the Debtor and Bijan owned a 33.34% interest in the Debtor.

5. On November 25, 2015 each of the Founding Members created separate irrevocable trusts under the laws of the State of New York. Thereafter, each of the Founding Members transferred a 17.33% interest of the Debtor to the respective irrevocable trusts. The trusts were created as follows:

(i) Daniel created the "NDBE 2015 Irrevocable Trust" (the "NDBE Trust");

(ii) Joseph created the "MARA 2015 Irrevocable Trust" (the "MARA Trust"); and

(iii) Bijan created the "SGJ 2015 Irrevocable Trust" (the "SGJ Trust").

6. Bijan is deceased, having passed away on June 19, 2020. By order of Surrogate Margaret C. Reilly, entered in April 2021, Bijan's wife, Pranses Golyan ("Pranses"), was appointed as the administrator of Bijan's estate for all purposes. However, the Debtor's operating agreement only permits the successor in interest to the deceased member to receive the economic right to receive distributions until the transferee is a fully substituted member in accordance with the operating agreement. Under the Debtor's operating agreement, the voting interest of the deceased member will be proportionally increased until such time as the transferee of the economic rights becomes a fully substituted member.

2

7.     Upon information and belief, Pranses was not determined to be a fully substituted member of the Debtor, and then the remaining members' (Daniel, Joseph, NDBE Trust, MARA Trust and SGJ Trust) ownership interest for purposes of voting, consent and participation in management have increased by approximately 3.46%. Thus, the interests of the members are as follows: (i) Daniel – 20.79%; (ii) Joseph – 20.79%; (iii) NDBE Trust – 19.47%; (iv) MARA Trust – 19.47%; and (v) SGJ Trust – 19.47%.

8.     In an abundance of caution, by agreement dated March 31, 2023, all of the Debtor's members, Daniel, Joseph, Pranses on behalf of Bijan's estate, NDBE Trust, MARA Trust and SGJ Trust agreed: among other things (i) to consent to the filing of the Chapter 11 petition and schedules; and (ii) appoint Daniel and Joseph as Managing Members of the Debtor.

## II.
## The Debtor's Business

9.     The Debtor is a New York limited liability company with its corporate office located at 287 Northern Boulevard, Suite 110, Great Neck, New York 11021. The Debtor is a real estate investment company formed in or around 2008 and its business involves the purchase, ownership, management, and rental of real estate for profit.

10.    The Debtor is the fee owner of the real property located at 99-44 62nd Avenue, Rego Park, New York 11374 (the "Premises"). The Premises is improved by a six story elevatored residential apartment building containing 62 apartments and a parking garage. The Debtor's Premises is disclosed in the Debtor's Schedule "A/B".

11.    A majority of the units are occupied by tenants; however, a receiver was appointed in the Foreclosure Action (defined below), and we are unaware if all tenants are currently paying rent.

## III.
## Events Leading to the Chapter 11 Case

**A.      The Loan and Mortgage**

12.     On or about May 8, 2008, the Debtor, for good and valuable consideration, executed and delivered to Popular Bank f/k/a Banco Popular North America ("Popular Bank") an Amended and Restated Mortgage Note (together with any amendments and/or modifications, the "Note") to evidence its obligations for the loan in the principal amount of $6,500,000.00 (the "Loan").

13.     As security for the payment of Note, the Debtor executed acknowledged and delivered to Popular Bank the mortgage modification and extension agreement dated May 8, 2008 (together with any amendments and/or modifications, the "Mortgage").

14.     Various modifications were made to the Mortgage including multiple extensions of the maturity date, which fully matured on or about December 10, 2018.

15.     On or about March 8, 2019, Popular Bank assigned all of its right, title and interest to the Note and Mortgage to 99-44 62nd Ave NY LLC. 99-44 62nd Ave NY LLC then assigned all of its right, title and interest in and to the Note and Mortgage to Rego Park Lender LLC on November 22, 2019.

**B.      The Foreclosure and Appointment of the Receiver**

16.     A foreclosure action was initially commenced by 99-44 62nd Ave NY LLC, as assignee of Popular Bank, on July 26, 2019 by the filing of a summons and complaint (the "Complaint") against the Debtor, Bijan, Joseph, Daniel, Metropcs, LLC, Metropcs New York, LLC, Metropcs Communications, Inc., T-Mobile Holdings GMBH, The People of the State of New York, New York State Department of Taxation and Finance, "John Doe #1" through "John Doe #20", the last twenty names being fictitious and unknown to plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an

interest in or lien upon the premises, described in the complaint, in the Supreme Court of the State of New York, Queens County, Index Number 701980/2020 (the "Foreclosure Action").

17. The Foreclosure Action was brought to foreclose on the Note and Mortgage burdening the Premises (99-44 62nd Avenue, Rego Park, New York 11374 (Block 2107, Lot 24)).

18. By Order dated February 14, 2020 and entered February 27, 2020 the Court appointed Joseph N. Misk (the "Receiver") as temporary receiver of the Premises. Barton Schwartz of New York City Management LLC was retained as property manager (the "Property Manager").

19. By the Order Granting Judgment and Appointing Referee to Compute dated September 22, 2022 and entered on September 23, 2022 (the "Order of Reference") the Court: (i) granted default judgment and/or summary judgment in favor of Plaintiff and against the defendants; and (ii) appointed William T. Driscoll, Esq. as referee (the "Referee") to compute the amount due to the Plaintiff upon the Note and the Mortgage and to determine whether the Premises should be sold in one or more parcels.

20. The Court then entered the Order of Reference, and pursuant to the Order of Reference, the Referee has: (i) computed the amount due to the Plaintiff, as of October 19, 2022, to be in the sum of $9,853,406.59, plus interest from that date; and (ii) found that the Mortgaged Premises should be sold in one parcel.

C. **The Premises**

21. The Premises is worth approximately $12,000,000.00[1].

22. Prior to the appointment of the Receiver in the Foreclosure Action, the Debtor was collecting approximately $1,318,277.00 annually in gross rents from the tenants of the Premises.

---

[1] The Debtor has not been in control of the Premises for about two (2) years and has not obtained a recent rent-roll from the Receiver, so this is just an estimate of value.

23. According to certain documents filed by the Receiver in the Foreclosure Action, the Receiver is collecting less rents than the Debtor was collecting prior to the appointment of the Receiver. Pursuant to the income statement filed in the Foreclosure Action, between October 2020 and August 2021, the Receiver only collected $1,009,006.21. Attached hereto as Exhibit "A" is a copy of the Income Statement filed by the Receiver.

24. According to the income statement filed in the Foreclosure Action, between August 2021 through July 2022, the Receiver only collected $1,145,353.54. Attached hereto as Exhibit "B" is a copy of the Income Statement filed by the Receiver.

25. Upon information and belief, the Receiver has failed to file the requisite annual rent registration forms to the New York State Division of Housing and Community Renewal ("DHCR"), and as a result many of the apartments have been designated rent stabilized. The Debtor believes it has a cause of action against the Receiver for the reduced rent roll.

26. In any event, when the Debtor resumes control of the Premises and its business, it will complete a review of the Receiver's books and records to determine which apartments have been harmed by any inaction of the Receiver. The Debtor will then take action as is necessary to restore the apartments to the status quo to maximize their rent collection potential.

27. In addition to the residential tenants, the Debtor entered into nonresidential lease agreements with three entities at the Premises.

28. The Debtor leases rooftop cellphone towers to T-Mobile Northeast LLC and Sprint Spectrum Realty Company LLC. Prior to the appointment of the Receiver, the Debtor was collecting approximately $4,143.48 from T-Mobile and $4,814.12 from Sprint on a monthly basis.

29. The Debtor also collected monthly rents from a non-residential lease with Hercules Corp. to operate and manage a laundry facility at the Premises. Prior to the appointment of the Receiver, the Debtor was collecting approximately $2,000.00 monthly rent from Hercules.

30. The Debtor's goal in this Chapter 11 bankruptcy is to maximize the value of the Premises and sell it in a bankruptcy sale to the highest and best bidder.

### D.     Other Litigation

31. By summons and complaint filed on January 6, 2021, plaintiff/tenant Ziyoda Makhmudova sought to recover sums of money against the Debtor for injuries allegedly suffered at the Premises. The action was filed after the appointment of the Receiver. Based on our review of the docket, the Debtor did not file an answer and the case is currently pending.

32. On or about June 10, 2022, Joseph caused a summons and complaint to be filed against certain members of the Debtor. Among other things, the complaint sought to "protect and enforce" Joseph's right, title and interest to the Premises and other real property Joseph has an interest in due to alleged actions of the members to, among other things, defraud Joseph of his ownership interest.

### III.

### Information Required by E.D.N.Y. LBR 1007-4

33. In accordance with E.D.N.Y. LBR 1007-4(a)(i), and to the best of our knowledge, information, and belief, the Debtor is not a small business debtor within the meaning of Bankruptcy Code § 101(51D).

34. In accordance with E.D.N.Y. LBR 1007-4(a)(ii), and to the best of my knowledge, information, and belief, the Debtor is a single asset real estate debtor within the meaning of Bankruptcy Code § 101(51B).

35. In accordance with E.D.N.Y. LBR 1007-4, a list of the names and addresses of the creditors holding secured claims and the 20 largest unsecured claims against the Debtor have been filed with the Debtor's bankruptcy petition[2].

36. The Debtor does not currently have an estimate for the operating expenses for the 30-day period following the bankruptcy petition date. However, immediately upon filing the Chapter 11 petition, the Debtor will demand turnover of all documents from the Receiver and the Property Manager and promptly move before this Court for interim orders to: (i) approve adequate assurance of post-petition payment to the utility companies; (ii) authorize the use of cash collateral; (iii) approve the retention of a management company; and (iv) in the event the Debtor maintains employees, approve the payment of any pre-petition wage claims; together with any other first day motions that may become necessary upon a review of the Debtor's books and records.

37. The Debtor does not make any admissions and reserves all of its rights and remedies.

38. The foregoing is true and current to the best of my knowledge, information and belief.

[*Signature Page to Follow*]

---

[2] Official Form 204 filed with the Debtor's petition provides a list of the Debtor's creditors holding the 20 largest unsecured claims.

**GOLYAN ENTERPRISES LLC**

**By:    Faraidoon Golyan, Managing Member**


*/s/ Faraidoon Golyan*
Faraidoon Golyan


On the 11th day of May in the year 2023 before me, the undersigned, personally appeared FARAIDOON GOLYAN, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person upon whose behalf the individual acted, executed the instrument.

*S/Nico G. Pizzo*
Nico G. Pizzo
Notary Public State of New York
Qualified in Suffolk County
No. 02PI6384544
Commission Exp. 12/17/2026