## AGREEMENT

This agreement (the "**Agreement**") entered into as of the 31 day of March 2023 (the "**Effective Date**"), by and between Pranses Golyan, as the Administrator of the Estate of Bijan Golyan ("**Bijan**"), Faraidoon Golyan ("**Faraidoon**"), Joseph Golyan ("**Joseph**"), the SGJ 2015 Irrevocable Trust ("**SGJ Trust**"), the Mara 2015 Irrevocable Trust ("**Mara Trust**"), the NDBE 2015 Irrevocable Trust ("**NDBE Trust**") and Golyan Enterprises LLC (the "**Company**"). Each of the foregoing are hereinafter referred to as a "**Party**" and collectively as the "**Parties**."

**WHEREAS**, as of the Effective Date, Faraidoon and Joseph are the sole Managers (the "**Managers**") of the Company, and all decisions and actions of the Company require their joint approval;

**WHEREAS**, the Company is the fee simple owner of the real property located at 99-44 62nd Avenue, Rego Park, New York and the building and improvements thereon (the "**Property**");

**WHEREAS**, the lender holding the mortgage on the Property has commenced a foreclosure action to foreclose on the mortgage; and

**WHEREAS**, the Parties agree that filing for bankruptcy protection is in the Company's best interest and further agree that it is in the best interest of the Company and the Parties to jointly select and retain a reputable independent property management company to stabilize the Property, increase the rent roll, manage expenses and increase the value of the Property and then jointly select and retain a reputable independent real estate broker to market and sell the Property to achieve the highest and best sale price.

**NOW THEREFORE**, in consideration of the recitals set forth above, the agreements, promises and warranties set forth herein and for other good and valuable consideration, the receipt and sufficiency of which is hereby expressly acknowledged, the Parties agree as follows:

1. **Bankruptcy**.

    (a) Engagement of Bankruptcy Counsel. The Company shall retain the Law Offices of Avrum J. Rosen, PLLC as bankruptcy counsel. A copy of the retainer agreement is attached as Exhibit 1.

    (b) Consent to Bankruptcy. The Parties shall execute the Written Consent and Resolution of the Members of Golyan Enterprises, LLC to Waive a Meeting and File Chapter 11 Reorganization attached as Exhibit 2.

    (c) Joint Approval of all Filings. Bankruptcy counsel shall provide to the Managers copies of any petition, schedules, pleadings, motions or the like (and the background documents and related information with respect to each) before filing same with the bankruptcy Court. All such documents to be filed must be jointly approved by both Managers before filing.

2. **Property Manager**. The Managers will jointly select and retain a reputable independent third-party management company with experience in managing similarly situated

properties in the New York metropolitan area acceptable to each of the Managers to operate and manage the Property. The management company shall have authority to take all reasonable actions to preserve the value of the Property, including, without limitation, to (a) make any necessary repairs, (b) rent vacant units, (c) stabilize and increase the rent roll, (d) file all necessary permits, registrations or other documents to ensure each eligible unit is eligible to be rented at market-rate, (e) subject to the Managers' joint consent, to bring actions on behalf of the Company against tenants and occupants to collect money and/or evict them, and (f) hire third-party vendors to assist with same. Each of the Parties acknowledges and agrees that each of Bijan, Joseph and Faraidoon, and their respective representatives are entitled to (a) access and review all books and records of the Company, and (b) access and inspect the Property. Each of the Parties represents, warrants, covenants and agrees that they shall not sell, hypothecate, mortgage, and/or refinance the Property without the authorization and consent of both Managers. The Property manager shall provide both Managers with any and all information, documents and/or financial information, including, without limitation, rent rolls and monthly operating reports relating to the Company and the Property.

3. **Sale of the Property**.

   (a) **Marketing/Share of Information**. The Parties agree to work cooperatively and use their best efforts to complete a sale of the Property pursuant to an auction sale conducted in bankruptcy proceedings, once commenced. The Parties will jointly retain a reputable independent real estate broker with experience in selling similarly situated properties in the New York metropolitan area to market and sell the Property to obtain the highest and best offer. The Parties and/or their counsel will jointly communicate with such broker, and will share any commitments, offers, contracts, appraisals and/or any other documents or communications relating to the marketing and sale of the Property. Unless otherwise agreed by all Parties, the Property shall be listed for sale and actively marketed pursuant to an orderly sale and auction process approved and overseen by the Bankruptcy Court (defined below). Any sale of the Property must be jointly approved by both Managers.

   (b) **Sale Proceeds**. Upon the closing of sale of the Property, all sale proceeds not needed to pay the claims of creditors and administrative expenses in the bankruptcy case in connection with a chapter 11 plan, will be held in escrow by counsel for Joseph pending a final resolution of the Parties' dispute (whether by agreement of the Parties or court order) if permitted by the Court. If the Court requires the funds to be held in a bonded DIP Account, said account shall require the signature of both Managers for any withdrawals.

   (c) **Parties to Cooperate**. Each of the Parties represents, warrants, covenants and agrees that he/she/it shall use his/her/its best efforts to complete a sale of the Property, and, to the extent necessary, will take all reasonable steps necessary to obtain any necessary court or other approval, authorization and/or consent for such sale(s).

4.     **Mutual Exchange of Information.** Each of the Parties represents, warrants, covenants and agrees that he/she/it shall use his/her/its best efforts to assist the Property manager and the Property broker and will provide any and all information and/or financial documentation reasonably requested by the manager or broker in his/her/its custody, possession or control. Each of the Parties further represents, warrants and covenants that he/she/it will provide to all other Parties (or their counsel) any and all information, documents and/or financial documentation reasonably requested by such Party (or their counsel) in his/her/its custody, possession or control.

5.     **Company Expenditures.** Any and all Company expenditures shall be jointly approved by the Managers and any check to be issued by the Company (including, without limitation, a check issued from any debtor-in-possession account) shall require signatures of both Managers. The Company shall not be responsible for the legal fees and costs associated with any legal proceeding(s) by the members or other parties regarding distribution or any return to equity in the Company.

6.     **Remedies.**     The Parties agree that any breach or violation by any Party of any covenant, representation, warranty or obligation contained herein shall cause immediate, substantial, and irreparable injury for which the non-breaching Party may have no adequate remedy at law.  Accordingly, the Parties agree that, in the event of any such breach or violation, in addition to all other remedies available under the law or in equity, the non-breaching Party shall be entitled to: (i) recover all reasonable costs and expenses, including but not limited to attorneys' fees incurred in connection with enforcing this Agreement; and (ii) obtain a temporary restraining order, preliminary injunction, permanent injunctive relief and/or specific performance relating to any covenant, representation, warranty and/or obligation contained herein without the need to post any bond and without proving that money damages would be inadequate.

7.     **Reservation of Rights.** Nothing herein shall be deemed to waive, prejudice, limit or otherwise affect, and all Parties expressly reserve, any and all claims, demands, actions, causes of action, fees, expenses, losses, debts or any liability whatsoever any of the Parties, or their respective officers, directors, owners, managers, interest holders, employees, trusts, trustees, successors, heirs, assigns, subsidiaries and/or affiliates may have against any other Party or such Party's officers, directors, owners, managers, interest holders, employees, trusts, trustees, successors, heirs, assigns, subsidiaries and/or affiliates. Among other things, all the Parties reserve their respective rights with respect to all of their claims asserted against the other Parties and/or others, including, without limitation, with respect to the Company.  The Parties reserve all of their rights with respect to who managed the Company prior to the Effective Date and the operating agreement (if any) for the Company. Joseph also reserves the right to challenge statements and/or allegations set forth in the affidavit of Faraidoon.  The Parties acknowledge that Joseph has commenced an action in the Supreme Court of the State of New York, County of Queens with respect to the Company and other persons and entities, and the Parties are entering into the Stipulation attached as Exhibit "3" with respect to such action.

8.     **Governing Law and Forum Selection.** This Agreement shall be governed and construed in accordance with the laws of the State of New York and the United States Bankruptcy Code, without giving effect to its conflicts of laws principles. The Supreme Court of the State of New York, County of Nassau and/ or the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"), shall have exclusive jurisdiction with respect to any

disputes that may arise out of or in connection with this Agreement or the transactions contemplated hereby (including, without limitation, any relief sought by any Party pursuant to paragraph 6), and each of the Parties agrees to submit to the exclusive jurisdiction of those Courts. In any such dispute (including, without limitation, any motion, action, lawsuit or proceeding brought to enforce or interpret the provisions of this Agreement), the prevailing Party shall be entitled to recover all of its costs and expenses (including without limitation, reasonable attorneys' fees and disbursements) in addition to any other relief to which such party may be entitled.

9. **Interpretation.** The Parties agree that any person or entity interpreting or construing this Agreement shall not apply a presumption that any of its provisions or any ambiguity should be more strictly construed against the Party who prepared the Agreement as all Parties have fully participated in the preparation and negotiation of all provisions of this Agreement.

10. **Representation by Counsel.** The Parties acknowledge and agree that they were represented by counsel of their choosing in connection with the drafting, negotiation and execution of this Agreement. The Parties further acknowledge and agree that they have entered into this Agreement of their own free will and after consultation with their respective counsel. The Parties agree that any rule that the interpretation of an agreement shall be construed against the drafter shall not apply to any dispute herein, and that this Agreement shall be deemed to have been drafted by all Parties hereto.

11. **Authorization.** Each of the Parties and each of the person(s) signing this Agreement on behalf of the Parties hereby represents and warrants that he/she or it has full power and authority to incur and perform the obligations under this Agreement, all of which have been duly authorized by the Parties. In the event that the person(s) signing this Agreement lacks authority to sign on behalf of the Party he/she purports to be signing for, that person shall be personally liable for obligations under this Agreement.

12. **Counterparts.** This Agreement may be executed in counterparts, and signed copies transmitted by fax, email or otherwise shall be valid and binding.

REMAINDER OF PAGE INTENTIONALLY LEFT BLANK

**IN WITNESS WHEREOF**, the Parties have executed this Agreement as of the date first set forth above.

GOLYAN ENTERPRISES LLC
By: Its Managers

Faraidoon Golyan

Joseph Golyan

On the 11 day of May in the year 2023 before me, the undersigned, personally appeared FARAIDOON GOLYAN, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person upon whose behalf the individual acted, executed the instrument.

Notary Public

NICO G. PIZZO
Notary Public, State of New York
No. 02PI6384544
Qualified in Suffolk County
Commission Expires 12/17/2026

On the 1st day of May in the year 2023 before me, the undersigned, personally appeared JOSEPH GOLYAN, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person upon whose behalf the individual acted, executed the instrument.

Notary Public

DENICE AMABILE
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01AM6316722
Qualified in Suffolk County
Commission Expires December 15, 2026

                                                                       [signature]

                                                                     PRANES GOLYAN, as the Administrator
                                                                     of the Estate of Bijan Golyan

                                                                     PRANSES GOLYAN, as an authorized
                                                                     representative and Trustee of the *NDBE 2015*
                                                                     *Irrevocable Trust*

On the  11  day of  May  in the year 2023 before me, the undersigned, personally appeared PRANSES GOLYAN, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person upon whose behalf the individual acted, executed the instrument.

                                                    [signature]
                                        Notary Public
                                            NICO G. PIZZO
                                  Notary Public, State of New York
                                        No. 02PI6384544
                                   Qualified in Suffolk County
                              Commission Expires 12/17/2026

████████████████████

FARAIDOON GOLYAN, individually

FARAIDOON GOLYAN, as an authorized representative and Trustee of the *Mara 2015 Irrevocable Trust*

On the  11  day of  May  in the year 2023 before me, the undersigned, personally appeared FARAIDOON GOLYAN, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person upon whose behalf the individual acted, executed the instrument.

████████████████████

Notary Public

NICO G. PIZZO
Notary Public, State of New York
No. 02PI6384544
Qualified in Suffolk County
Commission Expires 12/17/2022 26

[signature]
JOSEPH GOLYAN, individually

JOSEPH GOLYAN, as an authorized representative and Trustee of the *SGJ 2015 Irrevocable Trust*

On the 1st day of May in the year 2023 before me, the undersigned, personally appeared JOSEPH GOLYAN, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person upon whose behalf the individual acted, executed the instrument.

[signature]
Notary Public

DENICE AMABILE
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01AM6316722
Qualified in Suffolk County
Commission Expires December 15, 2026