UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                                  Chapter 11

GOLYAN ENTERPRISES LLC,                               Case No.: 23-41647-nhl

                            Debtor.
------------------------------------------------------------X

**INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361 AND 363 AND
FED. R. BANKR. P. 4001 AUTHORIZING THE DEBTOR TO USE
CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION
TO THE LENDER AND SCHEDULING A FINAL HEARING
<u>PURSUANT TO BANKRUPTCY RULE 4001(B)</u>**

Upon consideration of the application (the "<u>Application</u>") of Golyan Enterprises LLC, the debtor and the debtor in possession (the "<u>Debtor</u>"), for the entry of an interim order (the "<u>Interim Order</u>"): (a) authorizing the Debtor to use cash collateral; (b) providing adequate protection to Rego Park Lender LLC ("<u>RPL</u>") with respect to any diminution in the value of its interest in the collateral; and (c) scheduling a final hearing (the "<u>Final Hearing</u>") on the Application; and the Court having jurisdiction of the Chapter 11 case and to consider the Application and the relief requested herein pursuant to 28 U.S.C. § 1334 and the Standing Order of Referral of Cases to Bankruptcy Judges of the District Court for the Eastern District of New York; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and consideration of the Affidavit of Faraidoon Golyan, Managing Member in support of the Application filed concurrently with the Application; and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been given as set forth in the Application; and no other or further notice being required under the circumstances; and Joseph Misk (the "Receiver") having filed a limited response to the Application; and the relief requested in the Application being in the best interests of the Debtor,

its estate and creditors; and the Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before the Court held on July 11, 2023 (the "Interim Hearing"), at which Avrum J. Rosen, Esq. (Counsel to Debtor), Mark A. Frankel, Esq. (counsel to Rego Park Lender LLC), Annie P. Kubic, Esq. and William C. Heuer, Esq. (counsel to The SGJ 2015 Irrevocable Trust and Joseph Golyan, individually and as trustee of the Trust), Dawn Kirby, Esq. (counsel to Receiver), and Nazar Khodorovsky, Esq. (Office of the United States Trustee) appeared; and the Court having determined that the legal and factual basis set forth in the Application and the Interim Hearing established just cause for the interim relief granted herein; and upon all of the proceedings held before the Court; and after due deliberation and sufficient cause appearing therefor; and after overruling objections to the Application, if any:

IT IS HEREBY FOUND that:

    A.    On May 11, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in this Court. The Debtor intends to operate its business and manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner and no official committee has yet been appointed in this Chapter 11 case.

    B.    This Court has jurisdiction over this Chapter 11 case and the Application pursuant to 28 U.S.C. §§ 157(b) and 1334. Consideration of this Application constitutes a core proceeding as defined in 28 U.S.C. § 157(b)(2). The statutory predicates for the relief sought are sections 105, 361 and 363 of the Bankruptcy Code, Rule 4001(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules")

   and Rule 4001-5 of the E.D.N.Y. Local Bankruptcy Rules (the "Local Rules"). Venue of the Chapter 11 case and this Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

C. Good cause has been shown for the entry of this Interim Order. As set forth in the Application, the Debtor has significant and immediate need for the use of cash (the "Cash Collateral") to satisfy its post-petition operating expenses, included, but not limited to, the payment of property taxes, utility deposits pursuant to 11 U.S.C. Sec. 366, insurance, and maintenance to the Premises[1] and adequate protection payments. Absent the immediate use of the Cash Collateral, the Debtor and its estate shall suffer immediate and irreparable harm and will not be able to emerge successfully from Chapter 11.

D. The relief requested in the Application is necessary, essential, and appropriate in order that the Debtor may continue paying its obligations and preserve the assets of the estate as a going concern.

E. Based upon the Application, the Budget (as defined herein), and the record presented to the Court at the Interim Hearing, the terms of the Debtor's use of the Cash Collateral is fair and reasonable and reflect the Debtor's and its respective officer's exercise of prudent business judgment consistent with their fiduciary duties.

F. Under certain loan documents (the "Mortgagee Loan Documents") between the Debtor as borrower and RPL as successor lender, RPL has an alleged lien on and security interest in substantially all of Debtor assets including but not limited to a

---

[1] Defined terms shall have the same meaning as in the Application, unless otherwise defined.

3

        first priority mortgage on the Premises as well as a first lien on the Cash Collateral and is entitled to adequate protection. As a result of the entry of this Interim Order, RPL's interest in the mortgage on the Premises as well as its interest in the Debtor's rents and proceeds from the Premises shall be adequately protected.

G.     The Debtor has requested immediate entry of this Interim Order pursuant to Bankruptcy Rule 4001(b)(2). The use of the Cash Collateral as set forth in the accompanying Budget is necessary to avoid immediate and irreparable harm to the Debtor. The Court concludes that entry of this Interim Order is in the best interests of the Debtor, its estate and creditors.

H.     Notice of the Application has been given to (i) the Office of the United States Trustee; (ii) RPL or its counsel; (iii) the Debtor's creditors; and (iv) any party having filed a notice of appearance and demand for service in this Chapter 11 case.

I.     Without prejudice to the rights of any party, RPL asserts that as of the Petition Date, it is owed not less than the approximate amount of $9,853,406.59 plus accrued interest, costs, and fees by the Debtor,

IT IS HEREBY ORDERED:

1.     **The Application.**     The Application is granted on an interim basis to the extent set forth herein. All objections to the Application, to the extent not withdrawn, are hereby overruled.

2.     **Cash Collateral.**     For purposes of this Interim Order, "Cash Collateral" shall consist of all cash collateral (as defined in section 363(a) of the Bankruptcy Code) of RPL including the amounts realized by the Debtor from the sale, lease or other disposition or conversion of RPL's collateral pledged by the Debtor to secure its obligations to RPL.

3. **Authorization.** Subject to the terms and conditions herein, the Debtor is authorized to use the Cash Collateral, for the period from the Petition Date through the Termination Date (as defined herein), in accordance with the Budget.

4. **Term.** The Debtor's authorization to use the Cash Collateral shall commence as of entry of this Interim Order by the Court and terminate upon the earliest of: (i) the date that is sixty (60) days after the entry of this Interim Order; (ii) entry of a Final Order or a further interim order granting the Debtor's authorization to use the Cash Collateral; or (iii) the occurrence of a Termination Event (the "Termination Date"). Occurrence of the Termination Date shall terminate the rights of the Debtor to use the Cash Collateral hereunder, but shall not in any manner affect the rights, privileges or other protections afforded RPL, or in any manner affect the validity, priority, enforceability or perfected status of a lien or security interest granted for the benefit of RPL pursuant hereto.

5.1 **Adequate Protection for RPL.** As adequate protection for any diminution in the value of RPL's interest in its collateral resulting from (a) the Debtor's use of Cash Collateral; (b) use, sale or lease of RPL's collateral; or (c) the imposition of the automatic stay under Section 362(a) of the Bankruptcy Code (the aggregate amount of such diminution is referred to hereinafter as the "Adequate Protection Lien"), RPL shall receive the following adequate protection: (i) replacement liens pursuant to section 361(2) of the Bankruptcy Code (the "Replacement Liens") on all property of the Debtor and its estate, whether now owned or hereafter acquired (collectively, the "Post-petition Collateral") to the extent required by the pre-petition loan documents (the "Mortgagee Loan Documents") to the same extent and validity as its pre-petition liens, (ii) the Debtor will retain all rents received, and expend funds only for the expenditure of necessary maintenance and repairs to the premises, utility deposits and amounts set forth in this Order and in

5

the attached Budget, (iii) the Debtor will make adequate protection equal to the pre-petition monthly interest only mortgage payments at the non-default contract rate on the principal amount of the mortgage, made to RPL in accordance with the pre-petition Mortgagee Loan Documents, (iv) RPL shall have a super priority administrative claim (the "Mortgagee Super-Priority Claim") as provided for in section 507(b) of the Bankruptcy Code, subject and subordinate only to the Carve-Out (defined below), with priority over any and all administrative expenses and all other claims against the Debtor, now existing or hereafter arising, of any kind whatsoever, including, without limitation, all other administrative expenses of the kind specified in sections 503(b) and 507(b) of the Bankruptcy Code, and over any and all other administrative expenses or other claims arising under any other provision of the Bankruptcy Code, including, without limitation, sections 105, 326, 328, 330, 331, 503(b), 506(c), 507(a), 507(b) or 726 of the Bankruptcy Code, which Mortgagee Super-Priority Claim shall be payable from and have recourse to all pre- and post-petition property of the Debtor and (v) the Debtor shall continue to comply with its covenants and obligations under the Mortgagee Loan Documents.

5.2     **Carve Out and Fees**: The Adequate Protection Liens shall be subject to the following (collectively, the "Carve Out"): (i) payments of those fees due to the Office of the United States Trustee, including interest, pursuant to 28 U.S.C. § 1930; (ii) the payment of allowed professional fees and disbursements incurred by the Debtor's professionals retained by an Order of the Bankruptcy Court, and any statutory committee (the "Committee") appointed in this case pursuant to fee orders or any Monthly Compensation Order and the Budget, and in the event of a default that results in the termination of the Debtor's authorization to use cash collateral, unpaid Professional Fees and Disbursements incurred in accordance with the Budget not to exceed the sum of $25,000.00; (iii) any recoveries in favor of the estate pursuant to Chapter 5 of the

Bankruptcy Code; and (iv) any amounts allowed by the Court as fees and expenses of a trustee appointed under section 726(b) of the Bankruptcy Code in an amount not to exceed $7,500.00. The Carve Out shall be fully satisfied only from Cash Collateral in possession of the Debtor. The Debtor shall pay the reasonable attorney's fees and expenses, and all other reasonable fees and costs, of RPL incurred in connection with this Bankruptcy proceeding. Such fees and expenses shall not be considered expenditures under the Budget. The reasonable fees and expenses shall be invoiced to the Debtor and the U.S. Trustee. Payment on said invoice shall be due fifteen (15) days following receipt of the invoice absent receipt during this period absent a written of objection to said fees and expenses. In the event an objection is transmitted to counsel for RPL within this fifteen (15) day period the Debtor shall pay only the portion of said fees and expenses not subject to objection. To the extent not resolved among the parties, the objected portion of RPL's fees and expenses shall be subject to approval and order of the Bankruptcy Court.

5.3     The Replacement Liens granted to RPL shall become valid, enforceable and fully perfected liens without any action by the Debtor or RPL, and no filing or recordation or other act that otherwise may be required under federal or state law in any jurisdiction shall be necessary to create or perfect such liens and security interests. If RPL hereafter reasonably requests that the Debtor execute and deliver to it financing statements, security agreements or other instruments or documents considered to be necessary or desirable to further evidence perfection of the liens and security interests granted herein, the Debtor is hereby authorized to execute and deliver such documents.

5.4     The Replacement Liens granted by this Interim Order shall survive the entry of any order: (i) converting this Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code; (ii) dismissing this Chapter 11 case; (iii) appointing a Chapter 11 trustee or examiner with

expanded powers; and the Replacement Liens granted pursuant to this Interim Order shall continue in full force and effect notwithstanding the entry of such an order, and such Replacement Liens shall maintain any priority granted in this Interim Order.

5.5 The Interim Order shall be without prejudice to any party to seek any further application for other or further adequate protection or relief or modification of the automatic stay or any other rights, claims or privileges of any type.

6. **Term and Restrictions.** The Debtor's authorization to use the Cash Collateral shall be subject to the following terms and restrictions:

6.1 a) The Debtor shall furnish to RPL, in form reasonably satisfactory to RPL, on a monthly basis a report, in each case in respect to that month, expenditures, receipts, disbursements and a reconciliation of actual expenditures, receipts and disbursements with those set forth in the Budget, showing any variance to the projected aggregate expenditures in the Budget.

b) From the entry of this Interim Order and continuing until the Termination Date, RPL shall be entitled, upon three (3) business day's written notice, at any time during the Debtor's normal business hours, the right to inspect, audit, examine, check, make copies of or extract from the books and records of the Debtor, and monitor the Collateral, and the Debtor shall make all of the same reasonably available to RPL and its representatives, for such purposes.

c) The Debtor shall take the appropriate steps to meet the following deadlines for taking actions in this case ("Milestones"):

1. The Debtor shall file a motion to sell the Debtor's Property with proposed Bid Terms and the right to designate a Stalking Horse Purchaser at a later point in time by July 1, 2023, and shall seek an expedited hearing for said relief.

8

    2. The Debtor shall begin marketing the sale of the Property as soon as the Bid Procedures Motion is approved by the Court and the Broker's retention is approved and sale process with auction to be done by October 17, 2023 with a 30 day window to close of November 17, 2023;

    3. The Debtor shall file a liquidating Plan by July 15, 2023, and shall confirm same by October 31, 2023.

    6.2    The Debtor shall undertake to keep the Collateral fully insured against all loss, peril and hazard and make RPL the additional insured in any such insurance policy maintained by the Debtor as to the Collateral. To the extent there is an existing insurance policy in effect from the Receiver, the Debtor shall substitute into that policy and shall name RPL as an additional insured and name the Office of the United States Trustee as a notice party. The Debtor shall timely pay any and all undisputed post-petition taxes, assessments and governmental charges with respect to the Collateral as provided for under the Loan Documents.  The Debtor will provide RPL with proof of insurance and will give proof of any reasonable requested changes within five (5) business days of written demand and will give RPL reasonable access to its records in this regard.

    6.3    The Debtor and RPL have agreed that the Debtor shall retain Bronstein Properties, LLC ("Bronstein") to manage the Property in accordance with the Management Agreement, the Retention order and the terms of this Order and the Budget.  RPL has agreed to withdraw its motion to retain the Receiver and the Receiver shall turn over the management of the Property to Bronstein upon the entry of this Interim order and fully comply with 11 U.S.C. Section 543.  All rights and claims of the Debtor as against the Receiver are reserved.

6.4     The Debtor and RPL have further agreed to the retention of MYC and Associates ("MYC") to market and sell the Property and have further agreed that the commission and expenses to be paid to MYC in the event of a successful credit bid are part of the "Carve Out".

7.     **Termination Events.**     Each of the following shall constitute a "Termination Event" with respect to the authorization of the Debtor to use the Cash Collateral, unless waived by RPL.

7.1     The Chapter 11 case has been dismissed or converted to a Chapter 7 case under the Bankruptcy Code, or there shall have been appointed in the Chapter 11 case, a trustee or an examiner with expanded powers beyond the authority to investigate particular activities of the Debtor.

7.2     The Debtor files a motion seeking to modify, vacate, stay, supplement or amend the terms of this Interim Order without the prior written consent of RPL.

7.3     This Interim Order is modified, vacated, stayed, supplemented, reversed, or is for any reason not binding on the Debtor, without the prior written consent of RPL.

7.4     The Debtor fails to perform, in any material respect, any of the terms, provisions, conditions, covenants, or obligation under this Interim Order or the Mortgagee Loan Documents.

7.5     The Debtor expends more than 110% of the Budget, without RPL's consent, which shall not be unreasonably withheld, conditioned, or delayed.

7.6     There is at any time a material inaccuracy in any financial report or certification provided by the Debtor to RPL.

7.7     A plan of reorganization or liquidation which seeks to impair or otherwise modify the rights of RPL under this Order or the Mortgagee Loan Documents is filed in this Case without the consent of RPL.

7.8    The Debtor fails to meet a Milestone deadline, unless such failure is due to Bankruptcy Court unavailability.

8.    **Remedies.**  RPL shall provide the Debtor, counsel for any Committee (and if no Committee is appointed, the 20 largest creditors of the Debtor and the Office of the United States Trustee, with written notice of the occurrence of a Termination Event (the "Remedies Notice"). Upon the expiration of ten (10) days after the Debtor, counsel for the Committee (and if no Committee is appointed, the 20 largest creditors of the Debtor) and the U.S. Trustee's receipt of the Remedies Notice, and the Debtor has failed to cure the alleged Termination Event within such ten (10) days, RPL may move for an order lifting the automatic stay provisions of section 362 of the Bankruptcy Code on seven (7) days' notice to permit RPL to exercise its rights and remedies against the Debtor and its collateral, including, but not limited to, its right to setoff against any existing Cash Collateral. The Debtor's right to use the Cash Collateral shall terminate upon the expiration of the ten-day cure period, unless reinstated by the Court.

9.    **Preservation of Rights.**    This Interim Order does not contain an acknowledgment by the Debtor as to the validity, enforceability and amount of any secured obligation and security interest.  As such, the Debtor expressly reserves all of its rights with respect to RPL and its predecessor.  In addition, this Interim Order does not contain a waiver or release of any claims or rights the Debtor might have as against the Receiver.  The Debtor likewise expressly reserves its rights in this regard.

10.    **Binding Effect.**    The provisions of this Interim Order shall be binding and inure to the benefit of RPL, the Debtor and its estate, and any trustee that may be subsequently appointed in this Chapter 11 case or in any superseding Chapter 7 case.  In the event that any or all of these provisions of this Interim Order are hereafter modified, amended or vacated by a

subsequent order of this Court, no such modification, amended or vacatur shall affect the validity, enforceability or priority of any lien or claim authorized or created hereby.

11. **No Third Party Beneficiaries**.  RPL shall not be liable to any third parties (including any and all creditors of the estate or the Debtor who may have administrative claims within the Budget) and no such third parties are intended to or shall be deemed to be beneficiaries of the provisions of this Interim Order.

12. **Modification of the Automatic Stay**.  The automatic stay under Bankruptcy Code section 362(a) is hereby modified as necessary to effectuate all of the terms and provisions of this Interim Order, including, without limitation to: (i) permit the Debtor to grant the Adequate Protection Liens; (ii) permit the Debtor to perform such acts as RPL may reasonably request to assure the perfection of the liens granted herein; (iii) permit the Debtor to incur all liabilities and obligations to RPL under this Interim Order; and (iv) permit RPL to exercise their rights and remedies as provided for herein.

13. **Limitation on Charging Expenses against Collateral**. Subject only to and effective upon entry of an order granting the relief requested following the Hearing, except to the extent of the Carve-Out, no expenses of administration of the Case or any future proceeding that may result therefrom, including liquidation in bankruptcy or other proceedings under the Bankruptcy Code, shall be charged against or recovered from RPL's Collateral pursuant to section 506(c) of the Bankruptcy Code or any similar principle of law without the prior written consent of RPL, and no such consent shall be implied from any other action, inaction, or acquiescence by RPL.

14. **Binding Effect of Interim Order.** This Interim Order shall constitute findings of fact and conclusions of law immediately upon entry by this Court (notwithstanding any applicable law or rule to the contrary, including Bankruptcy Rule 6004(h), 7062, or 9014 or Rule 62(a) of the Federal Rules of Civil Procedure), the terms and provisions of this Interim Order shall, *nunc pro tunc*, to the Petition Date, become valid and binding upon and inure to the benefit of the Debtor, RPL, and any committee that may be appointed in this Chapter 11 case, and all other parties in interest, including and trustee or other fiduciary hereafter appointed in this Chapter 11 case, any successor Chapter 11 case, or upon dismissal of the Chapter 11 case. In the event of any inconsistency between these provisions of this Interim Order and any other "first day" order or any loan or other agreement, the provisions of this Interim Order shall govern and control.

15. The hearing to consider entry of a Final Order (the "Final Hearing") shall be held on **September 12, 2023 at 10:00 a.m.**, before the Honorable Nancy Hershey Lord, using the **Zoom platform.** Parties have the option to either dial in as an audio only participant using the provided Zoom dial-in number or connect by video using the provided video link after registering with eCourt Appearances 48 hours in advance of the hearing on the website at https://ecf.nyeb.uscourts.gov/cgi-bin/nyebAppearances.pl.

16. The Debtor shall serve a copy of this Order, via first class mail, upon (i) RPL and its counsel; (ii) the Office of the United States Trustee; (iii) counsel to any committee appointed in this Chapter 11 case; (iv) the Debtor's creditors; (v) any party having filed a notice of appearance in this Chapter 11 case and a demand for service, on or before July 31, 2023.

17. The Debtor shall file an affidavit of service attesting to service of this Interim Order by no later than July 31, 2023.

18.     Objections, if any, to the relief sought in the Final Order, shall be served upon: (i) the Law Offices of Avrum J. Rosen, PLLC, 38 New Street, Huntington, New York 11743, Attn: Avrum J. Rosen, Esq.; and (ii) counsel to any committee appointed in this case; (iii) the Office of the United States Trustee, One Bowling Green, Suite 739, New York, New York 10004; (iv) all the parties who had filed notices of appearance in this case; and with a copy to be delivered to the Chambers of the Honorable Nancy Hershey Lord **so as to be received by not later than September 5, 2023 at 4:00 p.m. (Eastern Standard Time)**.  Objections should also be filed electronically on the Court's electronic filing system.

Dated: July 26, 2023
Brooklyn, New York



_____
**Nancy Hershey Lord
United States Bankruptcy Judge**

14