UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:                                                    Chapter 11

GOLYAN ENTERPRISES LLC,                                   Case No.: 23-41647-nhl

                              Debtor.
-----------------------------------------------------------X

## ORDER CONFIRMING THE DEBTOR'S
## THIRD AMENDED PLAN OF LIQUIDATION

Upon the Debtor's Third Amended Plan of Liquidation dated February 26, 2024 [Dkt. No. 117] (the "Plan")[1], annexed hereto as **Exhibit "A"**; and upon the Order dated October 2, 2023 (I) Approving the Debtor's Third Amended Disclosure Statement; (II) Scheduling the Plan Confirmation Hearing; (III) Establishing Voting and Objection Deadlines to the Plan; and (IV) Approving the Balloting, Solicitation and Voting Procedures [Dkt. No. 74] (the "Order"); and upon the Affidavit of Service evidencing proof of service of the Solicitation Package [Dkt. No. 75] (the "Service Affidavit"); and upon the Declaration of Avrum J. Rosen, Esq. Regarding Certification of Vote Pursuant to Local Rule 3018-1(a) [Dkt. No. 82] (the "Voting Certification"); and upon the Amended Declaration of Daniel Golyan in Support of Confirmation of Amended Plan of Reorganization Pursuant to 11 U.S.C. § 1129 [Dkt. No. 118] (the "Golyan Declaration"); and upon the hearing conducted on February 27, 2024 (the "Hearing"), at which Nico Pizzo, Esq. and Avrum Rosen, Esq. (Counsel to Debtor), Daniel, David & Francis Golyan (Principals of Debtor), Shannon Scott, Esq. (Office of the United States Trustee), Mark A. Frankel, Esq. (Counsel to Rego Park Lender LLC), William C. Heuer, Esq. (Counsel to The SGJ 2015 Irrevocable Trust and Joseph Golyan, individually and as trustee of the Trust) appeared; and upon the Court's review of, among

---

[1] Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Plan.

1

other things, the (i) Plan; (ii) Service Affidavit; (iii) Voting Certification; (iv) Golyan Declaration; (v) representations and arguments of counsel at the Hearing; (vi) the docket of this Case; and (vii) other relevant factors affecting this Case; and the Debtor having satisfied all of the elements of confirmation, based upon the revisions and additional relief set forth in this Order; and it having been determined after hearing on notice that the requirements for Confirmation set forth in Section 1129(a) of the Bankruptcy Code having been satisfied; and

**IT IS HEREBY ORDERED**

1. That based on the record at the confirmation hearing held on February 27, 2024, the Plan is confirmed, as amended herein.

2. The definition of the "Effective Date" in Section 1.24 of the Plan shall be "the date upon which the sale of the Premises Closes, which date shall be after the Confirmation Date."

3. The definition of the 'Management Agreement" in Section 1.36 of the Plan shall be "the agreement between the Debtor and its Managing Agent (defined in section 1.37) setting forth the terms and conditions of the management engagement, which was attached as Exhibit A to the Debtor's application to retain Bronstein Properties, LLC as property manager [Dkt. No. 33]."

4. That Section 3.09 of the Plan shall be amended as follows:

> The Plan Administrator shall pay all United States Trustee Fees and any applicable interest thereon in full through entry of the final decree closing this case, or the dismissal or the conversion of this case, whichever happens earlier.

5. That Section 10.08 of the Plan shall be amended so that the Plan Administrator shall have the responsibilities of post confirmation reporting, as follows:

> The Plan Administrator shall file quarterly status reports after the Plan's Effective Date until the Chapter 11 case is closed. The quarterly reports will be prepared using forms promulgated pursuant to 28 CFR § 58.8 and filed by the 20th day after the conclusion of the relevant reporting quarter, until the closing of the case via a final decree, dismissal, or conversion, whichever happens earlier.

6. That Section 10.10 of the Plan shall be amended so that the Plan Administrator shall have the responsibilities of filing an application for a final decree, as follows:

> Within 14 days following the full administration of the estate, but not later than 18 months following the entry of the order confirming a plan, the Plan Administrator shall file, on notice to the United States Trustee, an application and a proposed order for a final decree pursuant to Bankruptcy Rule 3022.

7. The Debtor, or if applicable the Plan Administrator, shall make such disbursements to the creditors entitled thereto as required under the Plan in accordance with the provisions of the Plan.

8. The Plan Administrator shall file quarterly reports as provided in the Plan using the forms promulgated by the U.S. Trustee in compliance with 28 C.F.R. § 58.8, which reports shall be filed by the 20th day after the conclusion of the relevant reporting quarter until the case is closed by means of a final decree, dismissed or converted, whichever happens first. The Plan Administrator shall pay statutory fees and interest due to the United States Trustee arising under 28 U.S.C. section 1930 and 31 U.S.C. section 3717 on behalf of the Debtor, until the case is closed by means of a final decree, dismissed or converted, whichever happens first.

9. The Plan Administrator will not be required to post a bond.

10. All filing officers (including all filing officers in the City of New York) shall comply with Section 4.02(f) of the Plan:

> "To the maximum extent provided by section 1146(a) of the Bankruptcy Code, any transfer of the Premises pursuant to the Plan and any mortgage or instrument recorded in connection with such transfer will not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, real estate transfer tax, mortgage recording tax, or other similar tax or governmental assessment, and upon entry of the Confirmation Order, the appropriate state or local governmental officials or agents will forgo the collection of any such tax or governmental assessment and accept for filing and recordation any of the foregoing instruments or other documents pursuant to such transfers of property without the payment of any such tax, recordation fee, or governmental assessment."

11. **As all of the residential tenants in the real property commonly known as 99-44 62nd Avenue, Rego Park, New York 11374, in the Borough of Queens, Block: 2107, Lot 24 (the "Premises") have leases due to their status as statutory tenants, the Debtor asserts that it lacks the power to reject those leases and that the tenants' possessory rights pass through the Bankruptcy case unaffected. However, to the extent that any tenants have any claims arising out of their lease or statutory tenancy, they shall be required to file a statement of same withing thirty-three (33) days of the service of the entry of this Order and any such claim shall be treated as a general unsecured claim, provided that the Debtor reserves all rights to object to any such claims.**

12. The deadline for filing requests for payment of Administrative Claims, with the exception of claims for statutory fees due to the U.S. Trustee and to the Clerk of the Court pursuant to 28 U.S.C. § 1930 (and any applicable interest thereon), shall be on or before thirty-three (33) days after the service of the entry of this Confirmation Order. Any request for payment of an Administrative Claim filed after that date shall be deemed untimely filed and shall be disallowed. The deadline for objecting to requests for payment of Administrative Claims is twenty-one (21) days after such request has been filed and served upon counsel for the Debtor. The deadline for submitting applications for compensation for services rendered in this case pursuant to 11 U.S.C. §§ 327, 328, 330, 331, or 1103 (the "Professional Fee Claims") prior to the Effective Date is sixty (60) days after the Effective Date. The deadline to object to final fee applications shall be 7 days prior to the hearing on such fee application. If the Debtor fails to make payments due under any order approving an Administrative Claim or a Professional Fee Claim, such will constitute a plan default, and such claimant shall have the right to pursue any and all rights to which it is entitled for the Debtor's failure to comply with the terms of the Plan and this Order.

13. The Debtor shall not receive a discharge in this case, as this is a liquidating Plan.

14. The Debtor shall be required to file and serve a notice of the Plan's Effective Date with the Court within three (3) business days of the occurrence of the effective date

15. The Court shall hold a post-confirmation status conference on **April 9, 2024** at 11:00 a.m., before the Honorable Nancy Hershey Lord, using eCourt Appearances. The April 9, 2024 post-confirmation status conference shall not be held in person but shall be held by videoconference using the Zoom platform. Parties have the option to either dial in as an audio only participant using the provided Zoom dial-in number or connect by video using the provided video link. All participants must register with eCourt Appearances in advance of all videoconference appearances. eCourt Appearances registration is required by both attorneys and non-attorney participants. Attorneys with a CM/ECF account may find the program under the "Utilities" menu after logging on to CM/ECF. Those without CM/ECF accounts may access the program on the website at https://ecf.nyeb.uscourts.gov/cgi-bin/nyebAppearances.pl. Once registered, eCourt Appearances will email the video link for your hearing. You may register for hearings weeks in advance, but the video link will not be emailed to you until 48 hours before the hearing date. Those registering with eCourt Appearances for hearings in less than 48 hours should allow up to 15 minutes after registration to receive the email with the video link. Those unable to access eCourt Appearances must email Judge Nancy Hershey-Lord's Courtroom Deputy at: nhl_hearings@nyeb.uscourts.gov at least two (2) business days prior to the hearing. Your email must include your name, the case number(s), who you represent (if you are an attorney), hearing date, and phone number.

16. The Debtor shall serve a copy of this Order by regular mail, or if not available, by electronic mail, upon all creditors, any party having filed a notice of appearance and demand for

service in this case, and all tenants at the Property, and any party that may have an Administrative Claim, by not later than five (5) days after the date of entry of this Order, and shall file an affidavit of service attesting to service of the Order.

17. This Court shall retain jurisdiction over this case as provided for by the terms of the Plan, including, but not limited to the Court, final professional fee applications and entering a Final Order or Decree in the Debtor's Chapter 11 case.



Dated: March 7, 2024
Brooklyn, New York

Nancy Hershey Lord
United States Bankruptcy Judge